## KAPLOWITZ v. KAY.
### No. 6055.

Court of Appeals of the District of Columbia.
Argued March 6, 1934.

Decided April 9, 1934.

I. H. Minovitz, of Washington, D. C., for plaintiff in error.

Henry I. Quinn and Austin F. Canfield, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

A review of a judgment of the municipal court of the District of Columbia in an action for damages arising out of an automobile collision.

The case was tried in the municipal court without a jury, and judgment was entered by the court for the defendant.

The testimony tended to show that on the evening of July 15, 1932, Max Kay, the minor son of the defendant, Goodman Kay, while driving his father's automobile, received the plaintiff, Isadore Kaplowitz, as a passenger in the automobile, and they rode together to an evening entertainment. While returning home, their car was struck at a street crossing by an automobile driven by one Acrouri, and a serious collision resulted, from which the plaintiff suffered severe injuries. The present action was brought to recover damages for this cause.

At the trial it was contended in behalf of the plaintiff that the accident resulted from the negligence of Max Kay in the operation of the automobile at the time of the accident; that the automobile was owned by the defendant, the father of Max Kay, who provided it for the use of the members of his family; and that defendant was liable for his son's negligence in this instance under the "family service doctrine."

On the other hand, it was contended by the defendant that the evidence failed to sustain the claim that the car was maintained by the defendant as a "family purpose car"; that the evidence failed to show negligence on the part of Max Kay while driving the car at the time of the accident; and that the evidence disclosed the fact that the plaintiff had received from Acrouri, whom the plaintiff claimed to be a joint tort-feasor with Max Kay in the accident, the sum of $500 in satisfaction of the injuries sustained by plaintiff in the collision, and had released Acrouri from all liability because of the accident.

We are of the opinion that the decision of the lower court should be sustained upon the ground that, when the plaintiff released one of the alleged joint tort-feasors from liability, the other tort-feasor was ipso facto released from liability. The testimony upon this point is undisputed. It is disclosed that the plaintiff asserted a claim for damages against the drivers of both cars, and that the insurance company carrying insurance for Acrouri had settled the claim of the plaintiff against Acrouri by the payment to plaintiff of $500 in full satisfaction of the claim. A release was thereupon executed by the plaintiff to Acrouri, releasing him and the insurance company from any and all causes of action arising out of the collision.

It is settled law that: "The release of one joint tort-feasor, or the satisfaction of a judgment against one, releases all from liability. * * *" 26 R. C. L. 766. In the case of McLaughlin v. Monaghan, 290 Pa. 74, 138 A. 79, 80, it is said: "That a valid release of one joint tort-feasor operates as a release of all is undoubted." In Gunther v. Lee, 45 Md. 60, 24 Am. Rep. 504, it is said: "When the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience, that the law will not permit him to recover again for the same damages." In Farmers' Savings Bank v. Aldrich, 153 Iowa, 144, 133 N. W. 383, 386, it is said: "The weight of authority in this country seems to be unquestionably in support of the rule that an adjustment with one wrongdoer, and his release from all further liability, discharges all the joint

wrongdoers, even though there is a reserved intention, either expressed or implied, to look to the other wrongdoers for further damages or compensation." In Tanana Trading Co. v. N. A. Trading & Trans. Co. (C. C. A.) 220 F. 783, 786, it is said: "In cases of joint torts, the injured person may sue one, or any number less than all, of the joint tort-feasors, or may sue all; and, where there is but one injury, there can be but one satisfaction. If the injured person executes a release to one of the joint tort-feasors, it operates to bar an action against the others, for the reason that the cause of action is satisfied and no longer exists."

The judgment of the municipal court is affirmed, with costs.