NATHAN PROST, Plaintiff, *v.* CITY OF NEW YORK, Defendant and Third Party Plaintiff. 347 BERRY CORPORATION, Third Party Defendant.

Supreme Court, Special Term, Kings County, May 7, 1947.

*Benjamin Burke Kasloff* for third party defendant.

*Charles E. Murphy, Corporation Counsel* (*James E. O'Reilly* and *Edmund J. Leonard* of counsel), for third party plaintiff.

HALLINAN, J. Application by 347 Berry Corporation as third party defendant to dismiss the third party complaint upon the grounds: (1) that it is legally insufficient (Rules Civ. Prac., rule

106, subd. 5) ; and (2) that it is barred by the three-year Statute of Limitations (Rules Civ. Prac., rule 107, subd. 6). In the alternative the applicant seeks to dismiss the third party complaint without prejudice to the bringing of another action after the determination of the issues between the plaintiff and the third party plaintiff—the City of New York.

The court is of the opinion that the cross complaint is legally sufficient; see *Appel* v. *Muller* (262 N. Y. 278, 280) ; and that the three-year Statute of Limitations is no defense where a third party plaintiff brings in a third party defendant for indemnification, by reason of its being compelled to pay any judgment which the plaintiff may recover against it. As was recently stated by the Appellate Division, Second Department, in *Satta* v. *City of New York* (272 App. Div. 782) : "The Statute of Limitations (Civ. Prac. Act, § 49) pleaded by respondent is not a defense. A cause of action by way of indemnity does not accrue until actual payment by the appellant of the judgment recovered against it by the plaintiff. (*Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 253; *Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214; *City of Rochester* v. *Campbell*, 123 N. Y., 405, 413.) "

Accordingly, the first branch of the motion is denied with leave to the third party defendant to serve its answer to the third party complaint within ten days after the service of a copy of the order hereon with notice of entry.

The alternative branch of the motion is made under the provisions of subdivision 4 of section 193-a of the Civil Practice Act, the last sentence of which provides as follows: " A motion to dismiss a third-party complaint pursuant to this subdivision may be made after the third-party defendant has appeared in the action by the plaintiff or the third-party defendant *upon notice to all the parties who have appeared.*" (Italics supplied.)

It is clear from a reading of the text of this subdivision that the relief authorized thereunder rests largely in the discretion of the court " to further justice or convenience." Providently to exercise such discretion the court should have the views of all parties, and for that purpose the Legislature has required notice of application to all concerned. (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 200.) Here the third party defendant has given notice of its application only to the third party plaintiff. The plaintiff in the action has been given no opportunity to make his position known to the court. Under these circumstances the alternative branch of the motion must be denied but without prejudice to renewal upon notice to all parties as required by the statute.

**Submit order.**