**JAMES McWILLIAMS BLUE LINE, Inc.**

v.

**ESSO STANDARD OIL CO. et al.**

United States District Court, S. D. New York.

May 27, 1954.

Kirlin, Campbell & Keating, New York City, Raymond T. Greene, Stephen J. Buckley, New York City, of counsel, for respondents.

Purdy, Lamb & Catoggio, New York City, Thomas J. Irving, New York City, of counsel, for respondent-impleaded.

GODDARD, District Judge.

Motion to dismiss respondent's petition under Admiralty Rule 56, 28 U.S. C.A., to implead Conners-Standard Marine Corporation, on the ground of laches.

This is a libel by the charterer of the barge, Petroleum No. 7, to recover damages suffered by the barge while in the possession of the respondent, Esso, under a time charter with libelant. Respondent alleges that the damage was caused on October 30, 1950, by the negligence of respondent-impleaded's tug Maple Leaf, which respondent had engaged to tow the barge, and respondent seeks, by its impleading petition, to be indemnified by respondent-impleaded for any liability.

The libel was filed on October 1, 1953, and respondent's answer with the impleading petition was filed on April 2, 1954. Respondent-impleaded urges that the three year limitation under the state statute for suits of this nature has run, and therefore the petition should be dismissed for laches.

The charterer of a vessel is liable for the negligence of the person to whom he entrusts her. Seaboard Sand & Gravel Corp. v. Moran Towing Corp., 2 Cir., 1946, 154 F.2d 399; O'Donnell Transp. Co. v. M. & J. Tracy, Inc., 2 Cir., 1945, 150 F.2d 735. However, the charterer may properly implead the party primarily liable for the damage. Soderberg v. Atlantic Lighterage Corp., 2 Cir., 1927, 19 F.2d 286, for in such an

instance the liability of the charterer is only secondary, The Reno, 2 Cir., 54 F. 2d 682.

In applying the doctrine of laches, the courts of admiralty customarily follow the analogy of the state statute of limitation. Redman v. United States, 2 Cir., 1949, 176 F.2d 713. It is a general rule that, for the purposes of the statute of limitation, a claim for indemnity accrues only when the one seeking indemnity has been subjected to liability, and it has been so held under the New York statute. Satta v. New York, 272 App.Div. 782, 69 N.Y.S.2d 653; Prost v. City of New York, 190 Misc. 197, 73 N.Y.S.2d 811.

Since the statute of limitation has not barred this claim, and there is no showing of prejudice to respondent-impleaded in any way, the exceptions to the impleading petition are overruled and the motion to dismiss is denied.

Settle order on notice.