**64**

Donald A. HENSS and William G. Wells, individually and as stockholders of Fruehauf Trailer Company, a Michigan corporation, and on behalf of all other stockholders similarly situated and in the name and behalf of Fruehauf Trailer Company, Plaintiffs,

v.

C. Lawrence SCHNEIDER, Defendant.

United States District Court
S. D. New York.
June 10, 1955.

Markewich, Rosenhaus & Beck, New York City, for plaintiffs.

Seligson, Morris & Neuburger, New York City, for defendant, Charles Seligson, David Sive, New York City, of counsel.

DIMOCK, District Judge.

This action is brought by plaintiff as a shareholder of the Fruehauf Trailer Company under section 16(b) of the Securities Exchange Act of 1934, 15 U. S.C. § 78p(b), to recover for the corporation short swing profits alleged to have been realized by defendant.

Defendant Schneider moves, pursuant to Rule 12(b), F.R.C.P., 28 U.S.C., for an order dismissing the complaint and amended complaint upon the grounds (1) that an indispensable party, Fruehauf, is not joined and (2) that there is no allegation that Fruehauf failed or refused to bring the suit within sixty days after being requested to do so.

Plaintiff cross-moves, pursuant to Rules 15 and 21, F.R.C.P., for leave to file and serve an amended and supplemental complaint curing the defects relied upon by defendant Schneider.

Plaintiff's complaint named Fruehauf as a defendant and alleged that plaintiff had made the necessary demand

upon Fruehauf and that Fruehauf had taken no action. Because the action was commenced on March 18, 1955 and the complaint alleged that plaintiff's demand upon Fruehauf had been made on March 14, 1955, however, Judge Weinfeld, in an unreported decision dated May 12, 1955, 132 F.Supp. 60, granted a motion made by Fruehauf for an order dismissing the complaint. By order entered on May 20, 1955 the complaint was dismissed as to Fruehauf without prejudice. The sole ground of Judge Weinfeld's decision was that sixty days had not elapsed following the request to the corporation to bring suit. Since the required time has now expired defendant's argument that plaintiff is seeking to attack Judge Weinfeld's decision collaterally is without merit.

Defendant argues further, in substance, that to allow plaintiff to add Fruehauf as a defendant at this time would be to allow him to supplement a non-existent action. Assuming that defendant is correct in this argument, it cannot aid him. In Hackner v. Guaranty Trust Co. of New York, 2 Cir., 117 F.2d 95, an amendment to substitute a new plaintiff showing requisite grounds of federal jurisdiction in place of an original one who did not was permitted. The court said, per Clark, C. J., at page 98, that the "claim that one cannot amend a non-existent action is purely formal * * *." Defendant concedes that in the event that he is successful on this motion plaintiff is in no way barred from instituting an action on the same facts joining Fruehauf as a defendant and alleging that Fruehauf has failed to bring the action within sixty days after being requested to do so. Defendant has not argued that he will be prejudiced by trial on a supplemental and amended complaint instead of trial in a new action. See 3 Moore, Federal Practice 859 (2nd ed.) Thus I see no reason for refusing plaintiff's cross-motion. See Technical-Tape Corp. v. Minnesota Mining & Mfg. Co., 2 Cir., 200 F.2d 876, and, especially, the concurring opinion of Clark, C. J., at page 879 ff.

It is unnecessary for me to pass upon the merits of defendant's motion since my decision on plaintiff's cross-motion cuts them away.

Defendant's motion is denied and plaintiff's cross-motion is granted.