Per Curiam.

A cross complaint for the determination of ultimate rights in a negligence action is not barred by the three-year Statute of Limitations (Civ. Prac. Act, § 49) when that statute is not a bar to the claim asserted in the main action of the plaintiff. (Feldstein v. Bevier, 278 App. Div. 828.) The right to indemnity “ rests upon the principle that every one is responsible for the consequences of his own wrong, and if another person has been compelled to pay the damages which the wrongdoer should have paid the latter becomes liable to the former ” (Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214, 217). It follows that a cause of action for indemnity does not accrue until the actual payment of the main claim, whether such payment be made pursuant to judgment (Satta v. City of New York, 272 App. Div. 782), or the loss or damage be voluntarily paid by the innocent party, who is legally charged, without waiting for judgment. (Dunn v. Uvalde Asphalt Paving Co., supra, p. 218.) The foregoing principles apply with equal force whether indemnity be sought under sections 193-a or 264 of the Civil Practice Act. Both are intended to accomplish the same purpose under different circumstances with somewhat different pleading and procedural requirements. (Galka v. City of Albany, 285 App. Div. 27.)
The order should be unanimously reversed, upon the law, with $10 costs and taxable disbursements to the appellant Wollack.
Pette, Hart and Dx Giovanna, JJ., concur.
Order reversed, etc.