HENRY FUEL COMPANY, Inc., a corporation, et al., Appellants,

v.

Charles WHITEBREAD, Appellee.

No. 12922.

United States Court of Appeals District of Columbia Circuit.

Argued April 17, 1956.

Decided July 19, 1956.

Petition for Rehearing In Banc Denied Aug. 30, 1956.

12. J.A. 28.

**743**

Mr. John P. Arness, Washington, D. C., with whom Mr. Paul R. Connolly, Washington, D. C., was on the brief, for appellee. Mr. Francis L. Casey, Jr., Washington, D. C., also entered an appearance for appellee.

Before WILBUR K. MILLER, BAZELON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellants filed a third-party complaint against Charles Whitebread, appellee, whose motion to dismiss was granted with a finding that there was no just cause for delay in the entry of a final judgment of dismissal. This appeal followed.

One Elizabeth W. Rosson was a guest passenger in an automobile owned and operated by appellee Whitebread when she was severely injured, she alleged, due to a collision between Whitebread's car and a truck owned by appellant, Henry Fuel Company, Inc., and operated by its servant, appellant Tribble. The District Court permitted appellants to file a third-party complaint which alleged that the collision was caused by the sole or concurrent negligence of Whitebread, appellants demanding judgment against Whitebread "for all sums which may be adjudged against these defendants in favor of the Plaintiff, Elizabeth W. Rosson, or for a contribution of a prorata share thereof." Whitebread's motion to dismiss set up that the plaintiff Rosson "has executed and delivered to the third-party defendant a valid release * * * and, hence, the third-party defendant is not a person who could be held jointly liable with the defendants to the plaintiff." [1]

Mr. Charles E. Channing, Jr., Washington, D. C., with whom Messrs. Hugh Lynch, Jr., and Francis W. McInerny, Washington, D. C., were on the brief, for appellants.

1. The instrument recited that upon payment by Whitebread of the sum of $500, plaintiff Rosson released and discharged Whitebread from all claims and demands growing out of the accident above mentioned and that plaintiff agreed to indemnify Whitebread and to save him harmless from all claims and demands for damages on account of the accident. The instrument continues:

"It is intended that this be a full release as to Dr. Charles Whitebread, his executors or administrators, and to no one else. I hereby expressly reserve all my rights to proceed against any other person, corporation or organization which may be solely, jointly or concurrently liable for the aforesaid automobile accident. I have not expressed, nor do I intend to express by my execution of this instrument, the intention that the consideration received for this instrument is in full satisfaction of my injuries or damages, or that it represents any proportionate con-

We have no statute covering contribution among or between co-tortfeasors. However, problems arising from claims for contribution have been before the court in one form or other. We have held that a right to contribution exists between non-wilful co-tortfeasors.[2] We had occasion to look into yet another phase where contribution was sought from one against whom the original plaintiffs had not asked or obtained judgment,[3] and then said:

"In other words, we adopt for the District of Columbia, *without exception or reservation*, the rule stated by Chief Justice Groner in the George's Radio case 'that when the parties are not intentional and wilful wrongdoers, but are made so by legal inference or intendment, contribution may be enforced.'" (Emphasis supplied.)

The Rules[4] provide: "* * * a defendant may move * * * for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." In the Knell case[5] appellant had argued that there can be no contribution unless the plaintiff has first obtained judgment against both wrongdoers. We pointed out[6]:

"The right to seek contribution belongs to the tortfeasor who has been forced to pay, and the existence of the right cannot logically depend upon a selection of defendants made by the plaintiff. If it did

so depend, the caprice or whim of the plaintiff, or his deliberate intention to fasten liability on one defendant alone, could preclude that defendant from having contribution to which he might otherwise be entitled. Moreover, such an application of the contribution doctrine would open the way to collusion between a plaintiff, and one against whom he has a cause of action, to impose liability solely upon another against whom he has a cause of action for the same wrong."

■ Beyond doubt, we have firmly recognized the right of one unintentional tortfeasor to seek contribution from another non-wilful concurrent tortfeasor. Appellants contend they have been denied that right by the judgment dismissing their third-party complaint. It is clear that the trial judge, in acting pursuant to Rule 54(b),[7] relied upon the release from which we have quoted.[8]

It is so that if the appellants' third-party complaint is not maintainable, the judgment of the District Court must stand.[9] Appellee argues the release executed in his favor effectuated a complete discharge, public policy requires that finality be given to settlements, and that the present appeal is premature in any event. He tells us really that our decision in McKenna v. Austin[10] is controlling.

Appellee errs in the effect he attributes to the McKenna case, for it holds no more than that "Partial satisfaction taken in compromise and release of liability

---

tribution thereto. It is intended merely to act as a complete discharge to Dr. Charles Whitebread from a liability claimed and denied and to avoid litigation."

It may be noted that the release was dated May 21, 1955, the third-party complaint having been filed May 3, 1955.

2. George's Radio v. Capital Transit Co., 1942, 75 U.S.App.D.C. 187, 126 F.2d 219.

3. Knell v. Feltman, 1949, 85 U.S.App.D.C. 22, 26, 174 F.2d 662, 666.

4. Fed.R.Civ.P. 14(a), 28 U.S.C.A.

5. Supra note 3.

6. Supra note 3, 85 U.S.App.D.C. at page 25, 174 F.2d at page 665.

7. Fed.R.Civ.P.

8. Supra note 1.

9. Capital Transit Co. v. District of Columbia, 1955, 96 U.S.App.D.C. 199, 225 F.2d 38, 41; cf. Sears Roebuck Co. v. Mackey, 1956, 351 U.S. 427, 76 S.Ct. 895. So far as our problem is concerned, there is nothing contra in Cold Metal Process Co. v. United Engineering & Foundry Co., 1956, 351 U.S. 445, 76 S.Ct. 904.

10. 1943, 77 U.S.App.D.C. 228, 134 F.2d 659, 148 A.L.R. 1253.

of one or some of the wrongdoers does not discharge the others."[11] The instrument there construed expressly reserved the plaintiffs' rights against the named defendants who were, therefore, not discharged. The court did not decide the question of the extent or the manner in which contribution might be worked out. On the contrary, the majority made it clear that what was said on this subject was "not for the purpose of deciding these questions in advance of presentation or of foreclosing other possible solutions. Final consideration and determination may be left for the time when these issues are presented immediately."[12]

It is clear the court was concerned with the effect to follow its overruling the Kaplowitz case,[13] and its dicta mentioned various possible "solutions" of the problems stemming from our recognition of the right to contribution among co-tortfeasors. We have never decided precisely what formula should govern.

Here, plaintiff Rosson had a claim against the owners and operators of both colliding vehicles. She asserted liability on the part of both, but brought suit against appellants only, even as she undertook to discharge appellee Whitebread "from a liability claimed," as the instrument of release recites.

Appellants in their third-party complaint state a "claim for relief"[14] from appellee Whitebread, but recovery of contribution, to whatever extent, will lie only if and when it shall have been established that appellants are liable for plaintiff Rosson's harm.

While the respective claims for relief seem distinct in that they involve rights which differently accrue and which have been separately asserted, both stem from the same occurrence and depend upon facts common to both. In ordinary course, where there are the same witnesses, the same parties, the same opposing interests and similar identities, in the interest of expeditious and orderly administration of the business of the courts, it is to be expected that such claims will be litigated in a single action. No doubt, on this premise in part, one District Judge had entered an order permitting the filing of appellants' third-party complaint in this very action. This ruling was especially appropriate in view of the allegations of the third-party complaint, "if complete relief is to be accorded between those already parties * * *."[15] Had the instrument of release not been urged as a ground for dismissal, a single trial would have resulted in a determination of all aspects of liability. It is clear the trial judge was led to conclude that the release extinguished the liability of appellee Whitebread for contribution. He made the express determination that "there is no just cause for delay in entry of final judgment of dismissal,"[16] thus properly releasing for appeal his decision on one, but less than all the claims raised on the pleadings. While it is clear that his determination could not make "final" that which was not final prior to the adoption of Rule 54(b),[17] the order here was final. It had the result of treating the appellee Whitebread as impervious to appellants' claim for relief.[18] Appel-

11. 77 U.S.App.D.C. at page 234, 134 F. 2d at page 665.

12. 77 U.S.App.D.C. at page 235, 134 F.2d at page 666.

13. Kaplowitz v. Kay, 1934, 63 App.D.C. 178, 70 F.2d 782.

14. Gold Seal Co. v. Weeks, 1954, 93 U.S. App.D.C. 249, 255, 209 F.2d 802, 807.

15. Fed. R.Civ.P. 19(b); cf. United States v. Yellow Cab Co., 1951, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523.

16. Cf. David v. District of Columbia, 1950, 88 U.S.App.D.C. 92, 187 F.2d 204.

17. See Sears Roebuck Co. v. Mackey, supra note 9.

18. Cf. Yellow Cab Co. of D. C. v. Janson, 1949, 86 U.S.App.D.C. 38, 179 F.2d 54; Capital Transit Co. v. District of Columbia, 1955, 96 U.S.App.D.C. 199, 225 F.2d 38.

lants found themselves denied an opportunity to litigate effectually the right to seek the contribution which, by our decisions, had been accorded to them "without exception or reservation." [19] That the injured plaintiff could release her own claim against appellee Whitebread is clear. The assertion that she could likewise extinguish appellants' claim to contribution raises a wholly different question.

It is true methods for the measurement of that contribution have not been established in this circuit. That the suggestions to be found in the dicta of McKenna v. Austin [20] may profitably be re-examined cannot be doubted. Much new light on the problem has developed as various practicalities have been submitted to and been reviewed by the courts.[21]

■ We cannot assume just what contingencies and circumstances will ultimately confront the trial court. Plaintiff Rosson may fail to establish her cause of action against appellants, in which event there will be no liability, and correlatively, no right to contribution. With like result, it may be that appellants will be found solely liable to the injured party plaintiff. We cannot know how the issues with respect to contribution may be presented in requests to charge, or in the event that the third-party plaintiffs and third-party defendant shall alike be found liable, whether the matter of partial satisfaction of the injured plaintiff's claim will be disposed of by the court without the intervention of the jury. We leave such matters to be treated by the trial court within the framework of the issues to be submitted.

The judgment of the District Court is

Reversed.

19. Knell v. Feltman, supra note 3 [85 U.S. App.D.C. 22, 174 F.2d 666].

20. Supra note 10.

21. See, e. g., 68 Harv.L.Rev. 697 (1955).