Alma M. DAY, Admrx. of the Estate of Edward S. Day, Deceased, Plaintiff,

v.

PENNSYLVANIA RAILROAD COMPANY, Defendant (Erie Avenue Warehouse Co., Third-Party Defendant).

Civ. A. No. 23930.

United States District Court
E. D. Pennsylvania.

May 1, 1959.

Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for third-party plaintiff.

Joseph J. Murphy, Philadelphia, Pa., for third-party defendant.

GOODRICH, Circuit Judge.

The plaintiff, Day, brought an action against The Pennsylvania Railroad Company based on the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Pennsylvania Railroad brought in Erie Avenue Warehouse Co. as a third-party defendant for indemnity or contribution. The Pennsylvania Railroad and the Warehouse Company are Pennsylvania corporations. Subsequently the suit between Day and the railroad was settled and the settlement approved by the court. Now Erie Avenue Warehouse moves to dismiss, alleging that since the main suit has been settled and there is no diversity of citizenship between Pennsylvania Railroad and itself, the federal court lacks jurisdiction.

Where federal jurisdiction exists between the original plaintiff and defendant, a third-party defendant is in court on an ancillary claim even though its citizenship is the same as that of the principal defendant. Cochran v. Swank Hardware Co., D.C.W.D.Pa.1953, 14 F.R. D. 233. See Sheppard v. Atlantic States Gas Co., 3 Cir., 1948, 167 F.2d 841. Until the settlement between the plaintiff and the railroad, then, there is no doubt of jurisdiction over the third-party action because the main suit was based on the federal statute.

The question presented by the third-party defendant here has been discussed and decided by Judge Kirkpatrick in this District in Oakes v. Graham Towing Co., D.C.1955, 135 F.Supp. 485, 487–488. Judge Kirkpatrick there analyzed authorities cited against the conclusion he reached and held that they at the most decided that the matter was one for the discretion of the court. See E. K. Carey Drilling Co. v. Murphy, D.C.D.Colo.1953, 113 F.Supp. 226; Maryland to Use and Benefit of Wood v. Robinson, D.C.D.Md. 1947, 74 F.Supp. 279. I agree. It is true that in the Oakes case the litigation between defendant and third-party defendant had gone somewhat further than here. On the other hand, it can be pointed out that here the original plaintiff was discharged by settlement in August, 1958, more than eight months ago. Since that time there have been extensive interrogatories both by the Railroad Company and even more by the Warehouse Company. The docket entries show the following:

"1958
"Oct. 29  Defendant's answers to third-party defendant's interrogatories, filed.

"Nov. 5  Objections of third-party defendant to answers of Penna. R. R. Co. to interrogatories filed.

" 5  Objections of third-party defendant to interrogatories of Penna. R. R. Co., filed.

" 21  Notice of third party defendant of taking depositions of P. W. Andrews, et al., filed.

" 26  Argued sur objections of 3rd Pty. Deft. to answers of Penna. R. R. Co. to interrogatories; and sur objections of 3rd Pty. Deft. to interrogatories of Penna. R. R. Co.

"Dec. 3  Motion and Notice of motion of third-party defendant to place third-party action on the jury trial list, filed.

" 29  Argued sur motion of 3rd party deft. to place case on jury trial list.

"1959
"Jan. 7  Order of Court denying motion of third-party defendant to place case on jury trial list, filed. 1–8–59 noted and notice mailed.

" 27  Motion of third-party defendant to dismiss, and Notice of, filed."

■ I think it would be a waste of time and money to send this case out of the federal court and compel the defendant to start the matter all over again in the state court. The federal court had jurisdiction at the beginning and still has it. An exercise of a wise discretion compels this exercise in favor of retaining jurisdiction in this situation.

The supplemental brief filed on behalf of Erie, bearing date of April 30, 1959, has been accepted and filed. It does not convince the court that the conclusion expressed in the above opinion should be changed.

The motion will be denied.