Edith Maude McDONALD, individually and as Guardian ad Litem of Nicholas McDonald, an infant under the age of 14 years, Plaintiffs,

v.

BLUE JEANS CORP., Defendant.

BLUE JEANS CORP., Defendant and Third Party Plaintiff,

v.

STERLING TRIMMING CO., Third Party Defendant.

STERLING TRIMMING CO., Third Party Defendant and Fourth Party Plaintiff,

v.

IDEAL BRAID CO. and Fibre Yarn Co., Inc., Fourth Party Defendants.

United States District Court
S. D. New York.

March 28, 1960.

**150**

John J. O'Connor, New York City, for Blue Jeans Corp.

Leon, Weill & Mahony, New York City, for Sterling Trimming Co.

Sugarman, Kuttner & Fuss, New York City, for Ideal Braid Co.

Michels, Gangel & Walton, New York City, for Fibre Yarn Co., Inc.

McGOHEY, District Judge.

This is a motion by the defendant Blue Jeans Corporation for leave to file a third party complaint.

On March 12, 1955, Nicholas Mc-Donald, an infant, was severely burned when the fringes of a cowboy suit he was wearing caught fire. The infant's mother as his guardian ad litem commenced an action against Blue Jeans Corporation, the manufacturer of the suit, on March 4, 1957. The McDonalds being citizens of Maryland and Blue Jeans being a New York corporation, jurisdiction of that action rested on the diverse citizenship of the parties. In December, 1958, Blue Jeans filed a third party complaint against Sterling Trimming Co. which had sold Blue Jeans the fringe. In February, 1959, Sterling filed a fourth party complaint against Ideal Braid Co. and Fibre Yarn Co., Inc., its suppliers. Sterling, Ideal Braid and Fibre Yarn are citizens of New York.

In March, 1959, the plaintiff's claim against Blue Jeans was severed and proceeded to trial during which, on April 28, 1959, terms of settlement were agreed on and the settlement was consummated on July 1, 1959.

Blue Jeans now moves for leave to file a third party complaint asserting claims against Ideal Braid Co. and Fibre Yarn Co., Inc., the present fourth party defendants. The latter oppose the motion on the ground that the court lacks jurisdiction over Blue Jeans' proposed claims against them for the following reasons: all of the parties thereto are citizens of New York; the claims possess no independent attributes of federal jurisdiction; and there is no longer any action pending in this court between the original Maryland plaintiff and Blue Jeans, to which the latter's proposed claims can be ancillary.

Ideal Braid and Fibre Yarn do not contend that, prior to the settlement of the main action against Blue Jeans, the court lacked jurisdiction of Sterling's claims then pending against them. They make two other contentions, however. The first is that, jurisdiction of Sterling's claims against them was lost when the main action was settled. The second is that, even if jurisdiction of those claims was not lost, it cannot be "extended" to embrace the claims Blue Jeans is now, for the first time, attempting to assert against them.

The first contention is rejected on the authority of Dery v. Wyer.[1] The second contention seems not to have been passed on directly. It is, however, "the spirit and purpose of Rule 14 * * * to dispose of all related controversies arising out of one transaction or occurrence in a single suit";[2] and also to afford "complete relief * * * between those already parties."[3] There can be no doubt, indeed it is not questioned that, the in-

1. 2 Cir., 265 F.2d 804. See also Day v. Pennsylvania R. Co., D.C., 172 F.Supp. 506; and Oakes v. Graham Towing Co., D.C., 135 F.Supp. 485.

2. Morrell v. United Air Lines Transport Corp., D.C., 29 F.Supp. 757, 758.

3. Henry Fuel Company, Inc. v. Whitebread, 99 U.S.App.D.C. 9, 236 F.2d 742, 745.

jury to the infant is the "transaction or occurrence" out of which the claims which are still pending in this action arose. Neither can there be any doubt that the claims Blue Jeans now asks leave to assert arise out of and are related to that occurrence. It is clear therefore that, if Blue Jeans' present motion had been made prior to the settlement of the infant's claim, the motion could not have been successfully opposed on jurisdictional grounds. In view of this, there is no basis in logic nor in Rules for denying Blue Jeans leave, on jurisdictional grounds, to assert its proposed claims against parties presently in this action of which the court has jurisdiction, who were also parties before the settlement. Indeed achievement of the purpose of Fed.Rules Civ.Proc. Rule 14, 28 U.S.C.A., seems to require that leave be granted, so that complete relief among "all those already parties" may be afforded. Rule 82 must be read in conjunction with Rule 14.

Ideal Braid and Fibre Yarn contend further, however, that the first of Blue Jeans' proposed claims against them is, on its face, time barred, and that the second is, on its face, legally insufficient.

■ Blue Jeans' proposed third party complaint seeks indemnification from Ideal Braid and Fibre Yarn on two different legal theories, negligence and breach of warranty, each of which is set forth in a separate "cause of action." The first of these alleges that Blue Jeans' liability resulted wholly from the negligence of Ideal Braid and Fibre Yarn in the manufacture and sale of the inflammable material, and without any negligence of Blue Jeans. The injury to the infant occurred on March 12, 1955. Accordingly, it is argued, Blue Jeans' proposed claim against Ideal Braid and Fibre Yarn is barred by New York's statute of limitations,[4] and, moreover, since Blue Jeans "is at best a joint tortfeasor," it may not under New York law [5] bring in "other joint tortfeasors in pari delicto with itself." These arguments are rejected on the authority of Lanser v. Baumrin.[6]

■ The second "cause of action" alleges that at the time Ideal Braid and Fibre Yarn sold and delivered the inflammable material to Sterling "they well knew that [the material was] to be used and distributed by [Blue Jeans] in the course of its business"; that Blue Jeans' liability resulted from "the breach of warranty by [Ideal Braid and Fibre Yarn] in the sale of [the inflammable material] when [it was] unfit for the purpose intended and without any * * negligence on the part of [Blue Jeans] contributing thereto."

■ It is clear under New York law which controls here, that where there is no privity of contract there can be no warranty.[7] And the foregoing allegations show, on their face, that there was no privity between Blue Jeans and either Ideal Braid or Fibre Yarn. Indeed the draughtsman seems carefully to have avoided the allegation of any relationship which might support a warranty.

Blue Jeans' motion is granted with respect to the "first cause of action." It is denied as to the "second cause of action" but with leave to amend the latter within twenty days.

So ordered.

4. New York Civil Practice Act, § 49.

5. Id. § 193-a.

6. 2 Misc.2d 610, 151 N.Y.S.2d 466.

7. Turner v. Edison Storage Battery Co., 248 N.Y. 73, 163 N.E. 423.