Thelma HAWLEY, Appellant,

v.

Joseph MARTELLO and Iler M. Martello,
Appellees.

No. 2662.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 7, 1960.

Decided March 8, 1961.

Robert H. Reiter, with whom Spaulding, Reiter & Rose, Washington, D. C., was on the brief, for appellant.

John F. Gionfriddo, with whom Collins & Anderson, Washington, D. C., was on the brief, for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

This appeal presents one of the questions raised but not answered in McKenna v. Austin, 77 U.S.App.D.C. 228, 134 F.2d 659, 148 A.L.R. 1253.

Appellant, while a passenger in an automobile operated by Robert Caughman, was injured when that automobile collided with one owned by Iler M. Martello and driven by Joseph Martello. Caughman's insurer paid appellant $700 in settlement and obtained a release. Thereafter appellant brought this action against the Martellos. As one defense they pleaded the release given Caughman, and by third-party complaint they asked judgment against Caughman "for all or a contributable portion of any judgment" rendered against them. A jury found in favor of appellant against the Martellos for $2000, and in favor of the Martellos against Caughman "for contribution," it being stipulated by all parties that the amount of contribution should be set by the court. The court entered judgment for appellant against the Martellos for $1000 and ruled that Caughman was not liable for contribution.

Appellant's sole claim of error is that the trial court erred in ordering judgment in her favor against the Martellos for only $1000 when the jury had returned a verdict for $2000.

In ordering judgment fixed at one half of the verdict, the trial court undoubtedly was guided by certain language found in McKenna. The exact holding in McKenna was "no more than that 'Partial satisfaction taken in compromise and release of liability of one or some of the wrongdoers

does not discharge the others' ";[1] but there was a lengthy discussion of what effect such holding might have on the question of contribution between joint tort-feasors when one settles and judgment is had against the other.

McKenna suggested that no difficulty would arise when the judgment is less than twice the amount of the settlement, saying that the settler could recover from the other wrongdoer, by way of contribution, the amount necessary to equalize their payments. This suggestion has apparently been followed and approved in Otis v. Thomas, 104 U.S.App.D.C. 343, 262 F.2d 232, where after a verdict for $3500 judgment was entered for one half of the verdict because of previous settlement with one of the tort-feasors.

McKenna, however, recognized the problem which would arise where the judgment exceeds twice the settlement. Two possible solutions were suggested: one, that the defendant pay the full amount of the judgment after deducting the amount paid in compromise; two, that the judgment be credited with one half of its amount and the defendant pay one half. The objection to the first solution was said to be that it would result in unequal contribution between tort-feasors, and the objection to the second that its result would be to cut down plaintiff's recovery. The choice between the solutions was left for future decision. We must now make that choice.

Aside from a feature of the case yet to be discussed, the first solution applied to this case would result in the settler paying $700 and the defendant paying $1300 ($2000 less the credit of $700). Plaintiff would receive the full amount of the jury's verdict. The second solution applied here would result in the settler paying $700 and the defendant paying $1000 (one half of the verdict), and the plaintiff would receive $300 less than the jury verdict. This was the solution applied by the trial court. It will be noted that under either solution the settler pays nothing more than the amount he has already paid in settlement, and this is for the reason made clear in McKenna that the "compromise must be given effect to relieve it [the settler] from all liability, whether to plaintiff directly or indirectly through contribution."[2]

In our opinion the first solution is the proper one. Although it may result in inequality of contribution, this result is more preferable than disallowing plaintiff recovery of the full jury verdict. Actually either solution applied to the present case results in disproportionate payments between wrongdoers. We think the plaintiff's right to full recovery outweighs any consideration of inequality of contribution between the tort-feasors.

In Henry Fuel Company v. Whitebread, 99 U.S.App.D.C. 9, 236 F.2d 742, it was held, as was said in Keleket X-Ray Corporation v. United States, 107 U.S.App. D.C. 138, 140, 275 F.2d 167, 169, "that an injured person who releases one joint tort-feasor from liability to him does not thereby terminate the other tort-feasor's right to contribution." But in Henry Fuel Company it was also stated that "methods for the measurement of that contribution have not been established in this circuit." 99 U.S.App.D.C. 9, 13, 236 F.2d 742, 746. Neither of the above cases indicated that settlement is not to be accorded finality so far as the settler is concerned. Thus, if the right of contribution remains, the only question is whether such right shall be limited to receiving credit for the amount paid by the settler or to receiving an artificial credit of one half the verdict. As indicated above, it is our view that the right should be limited to credit for the amount paid by the settler.

1. Henry Fuel Company v. Whitebread, 99 U.S.App.D.C. 9, 11–12, 236 F.2d 742, 744–745.

2. 77 U.S.App.D.C. 228, 234, 134 F.2d 659, 665.

A credit of half the verdict, regardless of the amount received in settlement, would proceed on the basis that by settling with one of two tort-feasors the claimant has in effect sold one half the claim for the amount received. This appears to us to be completely unrealistic in view of the many factors which influence a settlement; some of which are the ability of the settler to pay, the need of the claimant for a quick settlement, the willingness of the settler to negotiate, and the uncertainty of what the jury may eventually determine to be the value of the claim. Where one of two tort-feasors settles and the other defends, the defending one must take the burden of paying the full amount of the verdict, less credit for the settlement, and should not be allowed to defend with the assurance that in no event will he be liable for more than one half the verdict.

■ Another question remains in this case. For reasons not clearly disclosed by the record the jury was informed that plaintiff already had been paid $700 by Caughman. The subject of the payment and the giving of the release was fully explored. Plaintiff freely acknowledged receiving the $700 and the signing of some paper but apparently was unwilling to admit signing the release offered in evidence. Plaintiff and Caughman were questioned concerning their relationship, and according to the statement of proceedings and evidence, "both the plaintiff and the third party defendant denied any cooperative effort to have the plaintiff collect twice for the same injuries." Thus it is clear that the jury in awarding a verdict of $2000 in appellant's favor against the Martellos was fully aware of the fact that appellant had already received $700 from Caughman for the same injury. Under these circumstances is it proper to credit the $700 against the verdict of $2000? We think not.

Where a jury, unaware of a previous settlement by one tort-feasor, awards a verdict against another tort-feasor, it is logical to assume that the verdict is an appraisal of the entire injury, and it is only fair that the previous settlement be credited against the verdict. In the present case the jury, knowing that appellant had already received $700, must have awarded the $2000 as additional damages necessary to fully compensate appellant.[3] In such case it is not fair to credit the settlement against the verdict. Doing so would result in crediting the settlement twice, once by the jury and again by the court.[4]

The case is remanded to the trial court with instructions to vacate the judgment in favor of appellant against appellees in the amount of $1000 and to enter judgment for appellant against appellees in the amount of $2000.

Remanded with instructions.

3. The trial court rejected appellant's (plaintiff's) request that the jury be instructed that the settlement had no bearing on the liability of the defendants or the amount plaintiff was entitled to recover.

4. See Giem v. Williams, 215 Ark. 705, 222 S.W.2d 800.