Adolph FRIEDMAN, doing business as Friedman Electric Company, Plaintiff,

v.

TYPHOON AIR CONDITIONING CO., Inc., Defendant.

Civ. 20194.

United States District Court
E. D. New York.

Nov. 1, 1962.

---

3. Subdivision (a) (3) (B).

Edward A. Harmon, New York City, for plaintiff; James Travis, New York City, of counsel.

Allen M. Taylor, New York City, for defendant.

ZAVATT, Chief Judge.

This is an action seeking indemnification for damages which plaintiff was required to pay allegedly due to defendant's negligence and breach of warranty in the manufacture of an air conditioning unit which plaintiff installed in the premises of a third party. The facts in this case are reported in detail in the earlier decision of this court granting defendant's motion to dismiss for failure to state a claim on which relief may be granted. Fed.R.Civ.P. 12(b) (6), 28 U.S.C.A. Friedman v. Typhoon Air Conditioning Co., Inc., 205 F.Supp. 22 (E.D.N.Y.1962), decided on May 16, 1962. The sole basis for that determination was plaintiff's failure at that time to have paid the judgment rendered against him in the Circuit Court of Davidson County, Tennessee, in favor of the party in whose premises the air conditioning unit was installed, because such payment was a necessary prerequisite to an indemnity action under either the law of Tennessee

or of New York. No order dismissing the complaint was ever submitted to the court by the defendant and, consequently, no judgment has been entered. On September 5, 1962, plaintiff moved pursuant to Fed.R.Civ.P. 59 and Rule 9 of the Rules of this Court for reconsideration by the court of its original determination of dismissal and for leave to serve and file a supplemental complaint. In the moving papers the plaintiff alleges that he paid the Tennessee judgment on June 5, 1962.

■■ Since judgment was not entered by the clerk pursuant to the court's original determination of dismissal, due to counsel's failure to submit an appropriate order, the plaintiff's motion will be treated as one for reconsideration of the court's determination and for leave to serve a supplemental complaint pursuant to Fed.R.Civ.P. 15(d). While Rule 59(e) provides that motions to alter a judgment must be served not later than ten days after entry of judgment, that limitation is not applicable here since no judgment has been entered. Fed.R.Civ.P. 58 provides that a judgment is not effective until noted in the civil docket as provided by Fed.R.Civ.P. 79(a). Although the court filed its opinion in this matter on May 16, 1962, the opinion did not direct the clerk to enter judgment forthwith. Rather, it directed counsel to "Settle order on notice". While an opinion may direct the clerk to enter judgment, the filing of the opinion in this case was not intended as the final act of adjudication since counsel was required to prepare an appropriate order. United States v. F. & M. Schaefer Brewing Co., 356 U. S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958); Burke v. Commissioner of Internal Revenue, 301 F.2d 903 (1st Cir., 1962); Blanchard v. Commonwealth Oil

Co., 294 F.2d 834 (5th Cir., 1961); Lone Star Motor Import, Inc. v. Citroen Cars Corporation, 288 F.2d 69 (5th Cir., 1961). Thus, the court may still consider plaintiff's motion for leave to serve a supplemental complaint. Lone Star Motor Import, Inc. v. Citroen Cars Corporation, supra; In Re Forstner Chain Corporation, 177 F.2d 572 (1st Cir., 1949).

■ The allowance of supplemental pleadings is a matter within the discretion of the trial court, Fed.R.Civ.P. 15 (d) [1], to be determined on the basis of all the relevant facts and circumstances. Minnesota Mining & Mfg. Co. v. Superior Insulating Tape Co., 284 F.2d 478 (8th Cir., 1960); Arp v. United States, 244 F. 2d 571 (10th Cir., 1957), cert. denied 355 U.S. 826, 78 S.Ct. 34, 2 L.Ed.2d 40 (1957); Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 200 F.2d 876, 879 (2d Cir., 1952) (concurring opinion of Clark, J.); Schuckman v. Rubenstein, 164 F.2d 952 (6th Cir., 1947), cert. denied 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151 (1948). While the fact that the original complaint failed to state a good cause of action is to be considered by the court in exercising its discretion, Minnesota Mining & Mfg. Co. v. Superior Insulating Tape Co., supra, it does not prevent the allowance of a supplemental complaint in this Circuit. Technical Tape Corp. v. Minnesota Mining & Mfg. Co., supra; Hackner v. Guaranty Trust Co. of New York, 117 F.2d 95, 98 (2d Cir.), cert. denied 313 U.S. 559, 61 S.Ct. 835, 85 L. Ed. 1520 (1941); Henss v. Schneider, 132 F.Supp. 64 (S.D.N.Y.1955). Contra Bonner v. Elizabeth Arden, Inc., 177 F. 2d 703, 705 (2d Cir., 1949), disapproved in the concurring opinion of Clark, J. in Technical Tape Corp. v. Minnesota Mining & Mfg. Co., supra, and not followed in Henss v. Schneider, supra. While the

---

1. "Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

view that a defective cause of action may not be cured by a supplemental pleading is not without support, La Salle National Bank v. 222 East Chestnut Street Corp., 267 F.2d 247, 252–253 (7th Cir., 1959), cert. denied 361 U.S. 836, 80 S.Ct. 88, 4 L.Ed.2d 77 (1959); Minnesota Mining & Mfg. Co. v. Plymouth Rubber Co, 178 F. Supp. 591, 596 (N.D.Ill.1959); United States Pipe and Foundry Co. v. James B. Clow & Sons, Inc., 145 F.Supp. 380, 382 (N.D.Ala.1956), it has been criticized as " * * * purely formal, in the light of the wide and flexible content given to the concept of action under the new rules." Hackner v. Guaranty Trust Co. of New York, supra, 117 F.2d at 98. Under the liberal view of supplemental pleadings espoused in this Circuit, a supplemental complaint should be allowed in the interests of judicial economy and the speedy disposition of cases, if the defendant is not prejudiced, as where its rights on the merits are as well protected by trial on a supplemental complaint as by trial in a new action, notwithstanding the fact that the original complaint may have failed to allege a cause of action. 3 Moore, Federal Practice 859.

■ This litigation stems from a suit instituted in a state court of Tennessee in 1957 based upon the installation of an air conditioning unit in 1954. Since that time the basic questions presented by this action have not been altered. The defendant has not argued that he will be prejudiced by a trial on a supplemental complaint instead of a trial by a new action. No reason appears why the formality and expense of starting a new action [2] should be required to bring the parties before the court in essentially the same posture. Technical Tape Corp. v. Minnesota Mining & Mfg. Co., supra. Accordingly, plaintiff is hereby given leave to serve a supplemental complaint

alleging payment of the judgment rendered against him in the Circuit Court of Davidson County, Tennessee.

Settle an order consistent herewith on or before ten (10) days from the date hereof.

2. In New York State the statute of limitations in an indemnity action begins to run when the plaintiff pays the amount for which he seeks to be idemnified. Satta v. City of New York, 272 App.Div. 782, 69 N.Y.S.2d 653, (2d Dept. 1947); Lanser v. Baumrin, 2 Misc.2d 610, 151 N.Y.S.2d 466 (1956); Prost v. City of New York, 190 Misc. 197, 73 N.Y.S.2d 811 (1947).