See also 948 F.Supp. 1107.

**FIRST AMERICAN CORP.,**
**et al, Plaintiffs,**

v.

**Sheikh Zayed Bin Sultan AL–NAHYAN,**
**et al., Defendants.**

**Civil Action No. 93–1309 (JHG/PJA).**

United States District Court,
District of Columbia.

Aug. 26, 1997.

---

Mary Lee Hartman, Beth Rochelle Heifetz, MaryEllen Powers, Timothy J. Finn, Barbara McDowell, Christopher F. Dugan, David Elliott Miller, Stephen J. Brogan, Michael Peter Gurdak, Jones, Day, Reavis & Pogue, Washington, DC, George J. Mascarino, Jones, Day, Reavis & Pogue, Cleveland, OH, for plaintiffs.

John Thomas Szymkowicz, Milton Peden Buffington, Szymkowicz & Buffington, Washington, DC, for Ali Mohammad Shorafa.

Griffith L. Green, Sidley & Austin, Washington, Dc, for Estate of Sheikh Rashid Bin Said Al–Maktoum.

Thomas Charles Green, Griffith L. Green, Sidley & Austin, Washington, DC, for Mohammed Bin Rashid Al–Maktoum, Sheikh.

Plato Cacheris, Philip Thomas Inglima, Cacheris & Treanor, Washington, DC, for Kamal Ibrahim Adham, Sheikh and Adham Corporation.

Thomas Jay Barrymore, Reichler, Milton & Medel, Washington, DC, for Abdul Raouf Khalil.

William Horace Jeffress, Jr., Herbert John Miller, Jr., Douglas Frank Curtis, Martin David Minsker, David S. Cohen, Miller, Cassidy, Larroca & Lewin, L.L.P., Washington, DC, for Clark M. Clifford and Robert Alan Altman.

Charles Eric Talisman, Patton Boggs, L.L.P., Washington, DC, for Zayed Bin Sultan Al–Nahyan, Sheikh, Hamad Bin Mohammed Al–Sharqi and Mashriq Holding Co., S.A.

Charles Eric Talisman, Jean V. MacHarg, Patton Boggs, L.L.P., Washington, D.C., for Khalifa Bin Zayed Al–Nahyan, Sheikh and Dept. of Private Affairs of Sheikh Zayed Bin Sultan Al–Nahyan.

Charles Eric Talisman, Ronald S. Liebman, Jean V. MacHarg, Patton Boggs, L.L.P., Washington, DC, for Sultan Bin Zayed Al–Nahyan, Sheikh, Ghanim Faris Al–Mazrui and Abu Dhabi Investment Authority.

Robert P. Haney, Jr., P. Benjamin Duke, Howard, Darby & Levin, New York City, for Sayed Jawhary.

## ORDER

JOYCE HENS GREEN, District Judge.

Upon consideration of Defendants Clark M. Clifford and Robert A. Altman's Motion for Partial Summary Judgment on Allegations of Negligence and Recklessness, or Alternatively, for Entry of Final Judgment ("Clifford & Altman's Motion"), Plaintiffs' Opposition, the Opposition of the Abu Dhabi Sovereigns, the Joint Opposition of Sheikh Karnal Adham, Adham Corporation and

Sayed Jawhary ("Joint Opposition"), Clifford & Altman's Reply, Plaintiffs' Surreply, Clifford & Altman's Response to Plaintiffs' Surreply, and the entire record in this matter, the motion will be denied.

Following dismissal of Messrs. Clifford and Altman's third-party complaint and cross-claims for contribution and indemnification, Clifford and Altman filed a motion seeking partial summary judgment, barring Plaintiff from recovering "on any of its claims against Messrs. Clifford and Altman based upon proof of recklessness and/or negligence." Clifford & Altman's Motion at 1. Alternatively, should this Court deny their motion, Clifford and Altman request that the Court enter final judgment, pursuant to Fed. R.Civ.P. 54(b), such that they may take an immediate appeal of the Court's decision denying their claims for contribution and indemnification.

Summary judgment is appropriate, of course, only when there is "no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden to demonstrate that there is no genuine issue of material fact is on the movant, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), and "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The role of the Court on a motion for summary judgment is not to weigh the evidence, but to determine whether genuine issues of material fact exist for trial. *Abraham v. Graphic Arts Int'l Union*, 660 F.2d 811, 814 (D.C.Cir.1981).

Summary judgment is available only where "the evidence is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512. If the

material facts proffered by the non-moving party are subject to diverse interpretations, summary judgment is not available. *Id.* at 251–53, 106 S.Ct. at 2512; *Tao v. Freeh*, 27 F.3d 635, 638 (D.C.Cir.1994). Any doubts are resolved in favor of the non-moving party, *Abraham*, 660 F.2d at 815, and the non-moving party is entitled to all justifiable inferences. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513; *Liberty Lobby, Inc. v. Dow Jones & Co., Inc.*, 838 F.2d 1287, 1293 (D.C.Cir.1988), *cert. denied*, 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988).

■ Clifford and Altman's request for a ruling that Plaintiffs may not recover based upon negligence will be denied. Previously, this Court ruled that Plaintiffs Complaint did not fairly embrace a claim of negligence, thus prohibiting Clifford and Altman from asserting their third-party complaint and cross-claims for contribution and indemnification. *See* Mem. Op. and Order at 16–17 (citing among other cases *Philip Morris, Inc. v. Emerson*, 235 Va. 380, 411, 368 S.E.2d 268 (1988) (indemnification unavailable for wrongful conduct or active negligence)).[1] As reflected by their filings, the parties have no dispute regarding whether allegations of simple negligence are at issue. *Compare* Clifford & Altman's Motion at 9 ("Thus, the Court made clear that First American may not recover on Count V by demonstrating only that Messrs. Clifford and Altman acted negligently ...") *with* Plaintiffs' Opp. at 28 ("First American has not asserted simple negligence claims against defendants") *and* Clifford & Altman's Reply at 3 (there is little, if any, real difference between the parties on the legal issues presented by our motion. Thus ... First American concedes it "has not asserted simple negligence claims against defendants") *with* Plaintiffs' Surreply at 8 ("there is no claim in this action based solely on negligence"). This being so, the Court is simply not presented with a controversy regarding allegations of negligence upon which to rule. While the hotly disputed facts of this case may or may not have actually sup-

---

1. The Court dismissed the third-party claims on alternative grounds. See Mem.Op. and Order at 17 n. 13 (stating that even if Count V had stated a negligence theory, Clifford and Altman's third-

party complaint for contribution and indemnification would have been dismissed under Fed. R.Civ.P. 14(a)).

ported a finding of simple negligence against Defendants Clifford and Altman, such a claim has not presently been asserted.[2] A ruling granting summary judgment on a matter not in controversy would be advisory in nature and clearly inappropriate.[3] Even where material facts may not be disputed, a party has no entitlement to judgment as a matter of law regarding issues that are not in controversy. And, to the extent that the material facts in dispute support a finding of "active negligence," akin to an intentional tort, *see, e.g., Emerson,* 235 Va. at 411, 368 S.E.2d 268 summary judgment would clearly be unavailable.

■ As to the request for a ruling that the defendants cannot be held liable on the basis of recklessness. genuine issues of material fact preclude summary judgment. The voluminous record makes crystal clear that the material facts regarding recklessness are in dispute. And, the parties generally agree that, as a matter of law, reckless conduct may rise to a level sufficient to deny the right to contribution and indemnification from a joint tortfeasor. *Compare* Clifford & Altman's Reply at 7 *with* Plaintiffs' Opp. at 26 *and* Plaintiffs' Surreply at 10. Consequently, because the material facts as to recklessness are iii genuine dispute, this Court cannot rule that Defendants Clifford and Altman are entitled to judgment that they cannot be held liable for reckless conduct as a matter of law. Should this case go to trial, the parties will, of course, be offered an opportunity to present their views on the proper legal standard (in the form of proposed jury instructions or otherwise) regarding the degree of recklessness that constitutes "an extreme departure." *See, e.g., SEC v. Steadman,* 967 F.2d 636, 641–42 (D.C.Cir. 1992). The motion for partial summary judgment as to recklessness will therefore be denied.

■ The alternative relief sought by Defendants Clifford and Altman will also be denied. Under Rule 54(b), the Court has the discretion to enter a final judgment as to one or more but fewer than all of the claims upon a finding that there is no just reason for delay. *See generally* 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2656 at 46 (1983). Third-party complaints and cross-claims are, of course, "capable of separate final adjudication under Rule 54(b)." *Capital Transit Co. v. District of Columbia,* 225 F.2d 38, 40 (D.C.Cir.1955); *see also Henry Fuel Co. v. Whitebread,* 236 F.2d 742, 744 (D.C.Cir.1956); *Blair v. Cleveland Twist Drill Co.,* 197 F.2d 842, 845 (7th Cir.1952).

■ In an exercise of this Court's discretion, the Rule 54(b) certification will not be provided. First, judgment will not be entered on Clifford and Altman's dismissed third-party complaint and cross-claims because those claims were disposed of for failing to state a claim based on the instant Complaint, and Plaintiffs have indicated an intention in the future to file an Amended Complaint. Because the Amended Complaint may affect the availability of contribution and indemnification, it would be premature for this Court to certify this issue as final for the purposes of an interlocutory appeal. *See* Wright, Miller & Kane, *supra* § 2656, at 51–54. Second, the Court does not, at this time, find that there is no just reason for delay. As is common in requests to certify indemnification and contribution, and which is abundantly clear here, the need for appellate review may be mooted by future developments in this main case. *See* Wright, Miller & Kane, *supra* § 2659, at 106 (citing cases). Neither the interests of justice nor judicial economy are well served by certifying for appeal a contingent claim that may never ripen. *See, e.g., Interstate Power v. Kansas City Power,* 992 F.2d 804, 808–09 (8th Cir.1993); *New York v. AMRO Realty Corp.,* 936 F.2d 1420, 1426 (2nd Cir.1991); *Corrosioneering, Inc. v. Thyssen Environmental, Systems, Inc.,* 807 F.2d 1279, 1284 (6th Cir.1986). Upon consideration of the totality of the circumstances and the unusual

---

**2.** Plaintiffs have advised the Court of their intent to file a motion for leave to file an Amended Complaint.

**3.** Of course, evidence related to negligence, such as the standard of care required of corporate directors and counsel, is relevant to the breach of fiduciary duty allegations and may be admissible at trial.

posture of this case, it is clear that an interlocutory appeal on an undisputed issue (i.e., negligence) and on an involving a genuine factual dispute (i.e., recklessness) is neither necessary nor appropriate. While the authority cited by the defendants recognizes a court's discretion to enter and certify final judgments for appeal, those authorities do not *require* a court to do so merely because a party has asked for such certification.[4] The request under Rule 54(b) will be denied.

For the reasons expressed above, it is hereby

**ORDERED** that Defendant Clifford and Altman's Motion for Partial Summary Judgment on Allegations of Negligence and Recklessness, or, Alternatively, for Entry of Final Judgment is **DENIED**.

IT IS SO ORDERED.

**4.** Unlike this case, *Henry Fuel* involved the "right of one unintentional tortfeasor to seek contribution from another non-wilful concurrent tortfeasor." *See* 236 F.2d at 743–44. In that case, through an exercise of discretion under Rule 54(b), the trial judge certified the dismissal of a third-party complaint of a defendant who was being sued on the grounds of negligence. *Id.* at 743. And, in *Henry Fuel*, the Court of Appeals merely held that the execution of a valid release of liability did not extinguish a negligent defendant's right "to seek contribution from a non-wilful concurrent tortfeasor." Even assuming that these forty-year-old decisions remain viable, neither *Henry Fuel nor Capital Transit* mandate certification under Rule 54(b) or 28 U.S.C. § 1292, particularly in a case where the defendants are being sued on grounds that would, as a matter of law, render unavailable the fight to contribution and indemnification from joint tortfeasors. *See supra*.