Theodore **OTIS**, Appellant,

v.

James **THOMAS** et al., Appellees.

James **THOMAS** et al., Appellants,

v.

Theodore **OTIS**, Appellee.

Nos. 14465, 14802.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 20, 1958.

Decided Dec. 24, 1958.

Mr. Allan C. Swingle, Washington, D. C., for appellant in No. 14465 and appellee in No. 14802.

Mr. Lawrence C. Moore, Washington, D. C., with whom Messrs. David A. Scott and Michael F. X. Dolan, Washington, D. C., were on the brief, for appellees in No. 14465 and appellants in No. 14802.

Before BAZELON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

Eunice Thomas Padgett and James Thomas, plaintiffs, were passengers in a taxicab owned by the Dixie Cab Association and operated by Charles Rowe when it collided with an automobile driven by defendant Theodore Otis. Each plaintiff obtained a verdict, the former for $1,000 and the latter for $2,500, against Otis as damages for injuries resulting from the collision. Rowe, not a party to the litigation, had previously paid $2,250 in settlement of the claims against him growing out of the accident. The release to Rowe was signed by plaintiffs and also by Mrs. Thomas, wife of plaintiff James Thomas. Moreover, the release indicated that the settlement might also have covered a claim of their child, Jeanette Thomas. The release provided, "that this release shall not operate to bar any claims or rights of action asserted by the releasors against Theodore Otis."

Defendant by motion sought credit for the amount paid by Rowe in settlement. By reason of McKenna v. Austin, 77 U.S. App.D.C. 228, 134 F.2d 659, 148 A.L.R. 1253, the court granted the motion to the extent of entering judgments on the verdicts for a total of $1,750, and of this amount ordered a remittitur in favor of Rowe of $500. The court thus sought to equalize the amount to be paid by Otis and Rowe upon the theory they were joint tortfeasors. Rowe, however, had made no claim to the $500. For this reason, and also because the distribution of the settlement monies among the parties to the settlement is not shown, we think the requirement by the court of a remittitur

of $500 in favor of Rowe should not be approved.

We recognize the result is that the total monies received by plaintiffs might possibly equal $4,000, consisting of the following: $2,250 paid by Rowe in settlement and $1,750 paid by Otis. This would be $500 in excess of the jury verdicts. But since the release to Rowe was by parties, in addition to plaintiffs, who might have received part of the $2,250 and no attempt has been made by any of the parties to clarify the distribution of the settlement proceeds, we are not disposed on our own initiative to remand the case to obtain such clarification. On the record before us the only error that appears is the requirement that a remittitur of $500 be made by Otis to Rowe. The judgments accordingly will be modified to obviate that requirement and as so modified will be affirmed.

It is so ordered.