**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,**

v.

**James THOMAS and Eunice Thomas Padgett, Appellees.**

**No. 16796.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 3, 1962.

Decided June 7, 1962.

Mr. William T. Clague, Washington, D. C., with whom Mr. Allan C. Swingle, Washington, D. C., was on the brief, for appellant.

Mr. Lawrence C. Moore, Washington, D. C., for appellees.

Before BAZELON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order and judgment of the District Court directing that execution issue against garnishee, Nationwide Mutual Insurance Company, on the judgments obtained in that court.

This suit originated as a tort action by James Thomas and Eunice Thomas Padgett against Theodore Otis and another defendant who is not a party in the instant case, for personal injuries growing out of an automobile accident. In the tort suit the defendant Otis was found liable to plaintiffs in the total sum of $3500 which, for reasons not important here, was reduced to $1750. The modified judgments were subsequently affirmed by this court. Otis v. Thomas,

---

104 U.S.App.D.C. 343, 262 F.2d 232 (1958).

At the time of the accident, Otis was the insured under an automobile liability policy issued by Nationwide. The judgments aggregating $1750 not having been paid, Nationwide was served with the instant writ of attachment on the said judgments, to which Nationwide answered that it was not indebted to Otis and that it had no credits of Otis in its possession or charge. It did admit the existence of an automobile liability policy whereby it insured Otis.

Thomas and Padgett traversed the answer of the garnishee, claiming in effect that there was outstanding a valid and subsisting contract of liability insurance whereby garnishee Nationwide insured Otis, and that the garnishee therefore was indebted to Otis and had credits in hand sufficient to satisfy the judgments.

Because of a provision in the policy of insurance,[1] Nationwide contended that it was not liable under the policy as Otis had failed to attend the trial of the tort case, had failed to keep Nationwide advised of changes of address, and had failed to assist in securing and giving evidence.

The facts disclosed at the hearing before Judge Youngdahl on the writ of garnishment showed conclusively a complete lack of cooperation by Otis in the defense of the tort action. In fact, the evidence disclosed that, as the trial date in the latter suit approached, the attorney for Nationwide, who was representing Otis, asked for a continuance in order to locate the defendant Otis or, in the alternative, to be allowed to withdraw from the case. The continuance was granted, and efforts were made by Nationwide to locate Otis. When the case was finally reached for trial, Nationwide's counsel again requested the court's permission to withdraw as counsel due to Otis's failure to cooperate. Permission was denied and counsel was compelled to try the case. As stated, the case resulted in verdicts totalling $3500 but, on motion for new trial or judgment n. o. v., the total of the original judgments was reduced to $1750.

As appears above, thereafter and without any direction from the court to remain in the case, Nationwide appealed, with the result above stated. Otis v. Thomas, supra. At no time did Nationwide indicate that it considered that appeal to be under the original order of the trial court to continue the defense of Otis.

On November 7, 1961, Judge Youngdahl filed his opinion, findings of fact, and conclusions of law,[2] in the instant garnishment action, in which he stated that two questions were presented for the court's consideration:

"First, did Otis's failure to keep Nationwide advised of his whereabouts and to appear at trial in order to give evidence violate the 'cooperation' clause of his policy and thereby relieve Nationwide of any liability?

"Second, assuming, arguendo, that Nationwide was relieved of liability by Otis's lack of cooperation, did it waive this defense by voluntarily appealing on the merits?"

The court concluded that at the time of the completion of the trial of the original tort action Nationwide was not liable on the judgment rendered against Otis, noting that it was clear that by defending the action against Otis under order of court and arguing the motion for new trial, Nationwide did not waive its defense of non-cooperation against the insured; and that defense under such circumstances (by order of court) is compulsory, citing Pennsylvania Casualty Co. v. Miller, 145 F.2d 292 (7th Cir.,

---

1. The relative portion of the policy reads:
"16. *Assistance and Cooperation of the Insured.* (Coverages A, B, C, D–1, D–2, E and F)
"The Insured shall cooperate with the Company and, upon the Company's request shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits * * *."

2. 199 F.Supp. 1 (D.D.C.1962), sub nom. Thomas v. Otis, et al.

1944). However, the court further held that the action of Nationwide in choosing thereafter to appeal the judgment on the merits constituted a waiver of its right to claim non-cooperation. Accordingly, judgment was entered against Nationwide in favor of Thomas and Padgett in the garnishment proceeding for the amounts of the judgments with interest.

For the reasons stated in the opinion of Judge Youngdahl, the judgment appealed from in the garnishment proceeding must be and is

Affirmed.