Alice Kathryn **HENDERSON** and David Henderson, Plaintiffs,

v.

**SELECTIVE INSURANCE COMPANY** and Firemen's Fund Insurance Company, Defendants,

Allstate Insurance Company, Intervenor.

Dorothy **MOORE** and Josephine Hayes, Plaintiffs,

v.

**SELECTIVE INSURANCE COMPANY** and Firemen's Fund Insurance Company, Defendants,

Allstate Insurance Company, Intervenor.

Nos. 1025, 1026.

United States District Court
W. D. Kentucky,
Bowling Green Division.
April 29, 1965.

E. R. Gregory, Bowling Green, Ky., for Hendersons.

Marshall Funk, Bowling Green, Ky., for Moore and Hayes.

Harlin, Parker & Ricketts, Robert Simmons, Bowling Green, Ky., for Selective Ins. Co.

Milliken & Milliken, Bowling Green, Ky., for Firemen's Fund Ins. Co.

Bell, Orr & Reynolds, Jerry Moore, Bowling Green, Ky., for Allstate Ins. Co.

SWINFORD, District Judge.

These consolidated cases are before the court on submission for final judgment. The Louisville Motors, an automobile sales company, had in its employ a salesman by the name of Donald Martin. Martin planned a trip to Morgantown, Kentucky, to spend a weekend with relatives. He obtained permission from his employer to drive one of its cars, a 1962 Ford Galaxie, to Morgantown for the dual purpose of his personal convenience in making the trip and for the further purpose of attempting to make a sale of the car to his brother-in-law, Charles Hunt, who had expressed an interest in buying a car. While in Morgantown and to further the prospect of sale of the car, Martin gave Hunt permission to drive it. He was accompanied by two of the plaintiffs, Dorothy Moore and Josephine Hayes. Hunt negligently operated the car which resulted in a collision with another car driven by Mrs. Alice Kathryn Henderson who was accompanied by her husband, David C. Henderson. The Hendersons and the young ladies, Dorothy Moore and Josephine Hayes, sustained personal injuries by reason of the accident and filed damage suits against Hunt and the Louisville Motors Company in the Warren County, Kentucky, Circuit Court.

At the time of the accident, Charles Hunt was the holder of a liability insurance policy with the Allstate Insurance Company. Emmett Donald Martin held a policy of insurance with Firemen's Fund Insurance Company and the Louisville Motors Company was covered by a liability policy with Selective Insurance Company. All of these policies contained standard provisions with reference to the matter of defense of law suits in case of claims growing out of automobile accidents. Allstate and Selective appeared through their attorneys in defense of the actions against Hunt and Louisville Motors Company.

The cases in the state court were consolidated for trial. At the close of all the evidence, the court sustained a motion for a directed verdict on behalf of the defendant, Louisville Motors Company, on the express ground that it could not be held liable as there was not sufficient evidence to establish agency between Louisville Motors and Martin. The case was submitted to the jury only as to the liability of Charles Hunt. The following verdicts were returned: Dorothy Moore, $10,801.45; Josephine Hayes, $25,780.-85; Alice K. Henderson, $30,861.94; David C. Henderson, $5,000. Allstate Insurance Company paid into court to the full extent of its policy the sum of $11,-300 plus the court costs in the amount of $532.75. These sums were proportionately applied as credits on the respective judgments, leaving a balance due to Dorothy Moore of $9,372.95; to Josephine Hayes of $22,209.35; to Alice K. Henderson of $26,861.94; and to David C. Henderson of $2,700.

This action is brought by these judgment creditors against Selective Insurance Company and Firemen's Fund Insurance Company. Allstate Insurance Company has intervened, asking judgment against the defendants and each of them for $14,968.01, the amount paid out by it as credits on the judgments and reasonable attorneys' fees which it incurred in defending the actions in the state court.

Before considering the claim of the intervenor, the court will determine the rights of the plaintiffs in their claim against the defendant insurance companies on the policies in effect at the time the cause of action arose.

■■ The right of recovery depends entirely upon the provisions in the policies. Charles Hunt was an insured as a permittee of Louisville Motors and is covered by the express provisions of the policy issued to that company by the defendant, Selective Insurance Company. The policy provides, under a heading

"Definition of Insured", that it covers any person in actual use of the automobile with the permission of the insured. The Firemen's Fund policy issued to Emmett Donald Martin provides that in addition to the named insured, any other person using the automobile with the permission of the named insured is covered by the policy. Charles Hunt was a permittee of both the Louisville Motors and Emmett Donald Martin. This coverage is not based upon any question of agency between Martin and his employer, Louisville Motors. The plaintiffs in this action, as judgment creditors of Hunt, are entitled to recover against his insurers.

The holder of a policy of liability insurance giving protection to the insured may bring within that protection a third person using the insured automobile with the permission of the named insured. The user becomes an additional insured under the terms of the policy just as if he were named as an insured in the policy. Hunt was using the automobile with the permission of Martin and Louisville Motors and was therefore under the protection of each of their policies. Under the circumstances of this case, permission was given to operate the car for a purpose incidental to the owner's use of the car. The temporary operation under conditions so natural as in this case can reasonably be assumed to be expected by the owner and thus embraced within the authority conferred on Martin by his employer. Third National Bank of Ashland v. State Farm Mut. Auto. Ins. Co., Ky., 334 S.W.2d 261. The identical reason applies to Firemen's Fund. Hunt was a permittee of Martin and thereby covered by Martin's policy.

The defense of res judicata relied upon by both of these defendants is not applicable to the facts. Neither of the insurance companies were parties defendant in the state court and the issue of their liability under the terms of the policies was not and could not have been referred to in the state court trial or proceedings. The issue before this court is an interpretation and application of the policies and not the liability of Hunt to the judgment creditors. Firemen's Fund's insured was not even a party to the action in the state court. Firemen's Fund defended the state court action without a non-waiver and thereby assumed the conduct of the defense of the action against Hunt. It is therefore precluded, in an action upon the policy, from setting up as a defense non-coverage. American Cas. Co. of Reading, Pa., v. Shely, 314 Ky. 80, 234 S.W.2d 303.

Since it is fully determined that the plaintiffs are entitled to judgments against all three of the insurance companies involved, the question of the respective liabilities of each of the companies as to each other must be determined. Firemen's Fund contends that by the terms of its policy, coverage to the operator of a non-owned automobile shall be excess insurance over any other valid and collectible insurance. Selective's policy states that its liability shall be pro-rated with any other valid and collectible insurance. Since Selective was the insurer of the automobile, it must be considered the obligor for primary insurance and Firemen's Fund, to whom the automobile insured was not primarily known, is entitled to be treated as bound only for excess insurance. 7 Am.Jur. 2d (Automobile Insurance) Sec. 202 (1963). See also 76 A.L.R.2d 505, Sec. 2. Kentucky expressly follows this rule. State Farm Mut. Auto Ins. Co. v. Hall, 292 Ky. 22, 165 S.W.2d 838. Since the recovery on the judgments does not reach the limits of the policy issued by the primary insurer, there is no pro-rata share for Firemen's Fund to pay notwithstanding its liability to the plaintiffs.

Allstate Insurance Company was allowed to intervene and assert its claims against the defendants, Selective Insurance Company and Firemen's Fund Insurance Company. Its policy contains an "excess insurance" clause with reference to non-ownership coverage. The amounts Allstate paid in satisfaction of the judgments should be refunded by the liable insurer according to the pro rata or excess insurance coverage among the

three insurance companies. Allstate's excess insurance clause is applicable here.

 As a general rule of law, where one who officiously or as a volunteer discharges an obligation owed by another, he is not entitled to equitable subrogation and cannot recover from the other. 7 Am.Jur.2d (Automobile Insurance) Sec. 203 (1963); Commercial Standard Ins. Co. v. American Emp. Ins. Co., 6 Cir., 209 F.2d 60, 64 (1954), reversing D.C. W.D.Ky., 108 F.Supp. 176 (1952).

Commercial Standard Ins. Co. v. American Emp. Ins. Co., supra, indicates, however, that Kentucky authorizes recovery by a contrary view. Kentucky allows the insurer who paid to recover on the theory of conventional subrogation. Allstate's policy with Hunt, on p. 17, cl. 9 of the policy, provides that the insurer succeeds to all the insured's rights of recovery. This is a similar provision that was found in the Commercial Standard case. In addition, the Warren Circuit Court judge, in his order distributing Allstate's money to the plaintiffs therein, included a paragraph which read: "All of which shall be done without prejudice to any of the rights of the parties to this action, including the Allstate Insurance Company, Movant as per above." Allstate then moved to vacate this order and the court overruled its motion by an order containing the following paragraph:

"This order is without prejudice to any rights that Allstate Insurance Company or the plaintiffs may have by way of subrogation or otherwise against Firemans Fund Insurance Company and the Selective Insurance Company referred to in the pleadings of this case."

Accordingly, it is the view of the court, under authority of the Commercial Standard case, that Allstate may seek recovery via subrogation.

 It is adjudged that Selective is the primary insurer and must satisfy the total judgment to the limit of its policy. Had Selective's policy not covered the aggregate amount of the judgments, Fire-

men's Fund and Allstate would each be liable pro-rata for the amounts unsatisfied by Selective to the extent of their policies. Since both Allstate and Firemen's Fund have excess insurance clauses, these clauses are mutually repugnant and are to be disregarded.

 The respective liability coverages of the three insurance companies are as follows (injuries per person; injuries per accident; property damage): Selective, $250,000, $1,000,000, $25,000; Firemen's Fund, $10,000, $20,000, $5,000; Allstate, $5,000, $10,000, $5,000. None of the judgment creditors have a verdict in excess of Selective's $250,000 limit and the total judgment does not exceed the $1,000,000 policy limit, therefore Selective is liable for the entire Warren Circuit Court judgment.

A judgment in conformity with this memorandum is this day entered.