**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,**
Appellant,

v.

**AETNA CASUALTY & SURETY COMPANY,** Appellee.

No. 20381.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 10, 1967.

Decided July 26, 1967.

Mr. Douglas A. Clark, Vienna, Va., for appellant.

Mr. John F. Mahoney, Jr., Washington, D. C., with whom Messrs. Charles E. Pledger, Jr., and Justin L. Edgerton, Washington, D. C., were on the brief, for appellee.

Before FAHY,* BURGER and ROBINSON, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment for $30,043 granted appellee in an attachment proceeding initiated by its insured,

* Circuit Judge Fahy became Senior Circuit Judge April 13, 1967.

American Ice Company,[1] against appellant following the latter's refusal to pay a judgment in favor of American Ice against one Delbert J. Scott. Appellant had issued an automobile liability policy insuring Scott's employer, and the award under review was predicated upon the District Court's conclusion that appellant, by unqualifiedly defending Scott in litigation arising from a vehicular accident, had waived its defense that the policy did not cover Scott's liability arising therefrom. The principal question we face is whether appellant's role in the controversy was properly assessed.

The accident in question was an intersectional collision involving a truck owned and operated by American Ice, and an ambulance owned by W. W. Chambers Company and manned by Scott, the driver, and Harvey P. Walker, a fellow employee riding as an attendant.[2] Both Scott and Walker suffered injuries for which appellant, which was also Chambers' workmen's compensation insurance carrier, made compensation and medical expense payments.

Scott and Walker subsequently brought independent personal injury actions against American Ice and another,[3] in each of which appellant, as workmen's compensation subrogee, joined as co-plaintiff. American Ice was permitted to file in Scott's suit a third-party complaint seeking contribution on the theory that Scott, as operator of the ambulance, was, jointly with the driver of the truck, responsible for Walker's injuries. Walker's case eventuated in a $60,000 judgment for the plaintiffs which appellee satisfied, and Scott's in a judgment in favor of American Ice for $30,000 as contribution and $43 in costs.

The plaintiffs in both cases were represented by E. Willard Hyde, Esquire, whose services appellant arranged, and Ernest C. Raskauskas, Esquire, an associate. The claim the District Court sustained is founded largely upon their activities. Hyde signed both complaints, and Raskauskas later entered his appearance, as counsel for the plaintiffs. Raskauskas opposed the application by American Ice to file the third-party complaint, and with Hyde filed an answer thereto in Scott's behalf as his attorneys. Raskauskas participated as Scott's lawyer at a supplemental pretrial hearing, and both Hyde and Raskauskas tried each case for the plaintiffs and actively defended the third-party action against Scott.

The District Judge found that Hyde and Raskauskas, in defending Scott on the third-party claim, acted as appellant's representatives and conformably with its directions. Our review of the evidence upon which he relied,[4] detailed

---

1. Appellee, as the automobile liability insurance carrier of American Ice, and so the real party in interest on the facts hereinafter stated, was later joined in the attachment proceeding.

2. The parties to this appeal have dealt with the truck and the ambulance as vehicles covered by their respective policies, which were not included in the record. We give these policies the same treatment.

3. The co-defendant was thereafter exonerated by a directed verdict in each action.

4. We agree with the District Court that the letters sent by appellant to Hyde could be considered on the question whether appellant had authorized Scott's defense on the third-party complaint. The attorney-client privilege did not prevent their use for this purpose. As the District Judge pointed out, this correspondence revealed only the fact of appellant's authorization to Hyde to proceed with the defense; in no way did it disclose the strategy, legal theory or substance of that defense. Walker v. American Ice Co., 254 F.Supp. 736, 738–39 (D.D.C.1966). See generally 8 Wigmore, Evidence § 2292 (McNaughton rev. 1961). The fact that an attorney-client relationship has arisen and the specific authorization for its creation are not, generally speaking, privileged subjects. See Mauch v. Commissioner of Internal Revenue, 113 F.2d 555 (3d Cir. 1940); Behrens v. Hironimus, 170 F.2d 627, 628 (4th Cir. 1948); Willard C. Beach Air Brush Co. v. General Motors Corp., 118 F.Supp. 242 (D.N.J.1953), aff'd 214 F.2d 664 (3d Cir. 1954); Magida on Behalf of Vulcan Denting Co. v. Continental Can Co., 12 F.R.D. 74 (S.D.N.Y.1951). See

and critically analyzed in his opinion,[5] gives us no cause for disturbing that determination.[6] Thus we reach the question whether appellant thereby became precluded from resisting appellee's bid on the ground that Scott's responsibility in the accident was a risk it never assumed.

The policy in suit contains an omnibus clause defining "insured" as including not only the named insured but also "any person while using the automobile * * * provided the actual use of the automobile is * * * with the permission of" the named insured.[7] Scott was an employee of Chambers, the named insured, operating the vehicle in the course of Chambers' business when the accident occurred. The policy, however, specifically excluded from its protection "any employee with respect to injury to * * * another employee of the same employer" sustained during the course of their mutual employment.[8] Walker, for whose injury American Ice obtained its judgment for contribution, was Scott's fellow employee engaged in the same mission.

■ Had appellant refrained from entering upon Scott's defense in the third-party action, the exclusionary clause undoubtedly would have eliminated any liability it might otherwise have incurred under the policy.[9] But whatever the rule generally as to the efficacy of the doctrines of waiver and estoppel to extend an insurer's liability into an area defined by a specific exclusion, it is well settled that an insurer undertaking the defense of an insured against a litigious assertion of an unprotected liability, without a disclaimer of contractual responsibility and a suitable reservation of its rights, is foreclosed from thereafter taking refuge in the policy provisions exempting the liability from coverage.[10] We consider an application of this rule abundantly justified whenever, as here, the insurer has not demonstrated affirmatively that assumption of the defense was nonprejudicial.[11] And the mere fact that the re-

also Catlog Ass'n v. A. Eberly's Sons, Inc., 60 App.D.C. 216, 50 F.2d 981 (1931).

5. Walker v. American Ice Co., *supra* note 4.

6. "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." F.R.Civ.P. 52(a).

7. The clause reads:
"III. Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply:
    *    *    *    *    *
"(2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

8. See *supra* note 7.

9. See, *e.g.*, Bevans v. Liberty Mutual Ins. Co., 356 F.2d 577 (4th Cir. 1966); Davis v. Travelers Ins. Co., 295 F.2d 205 (5th Cir. 1961); Campbell v. American Farmers' Mutual Ins. Co., 238 F.2d 284 (8th Cir. 1956); and cases collected in Annot., 50 A.L.R.2d 78, 99–101 (1956).

10. See, *e.g.*, Schmidt v. National Automobile & Casualty Ins. Co., 207 F.2d 301, 38 A.L.R.2d 1142 (8th Cir. 1953); General Tire Co. v. Standard Accident Ins. Co., 65 F.2d 237 (8th Cir. 1933); Pendleton v. Pan American Fire & Casualty Co., 317 F.2d 96 (10th Cir.), cert. denied 375 U.S. 905, 84 S.Ct. 196, 11 L.Ed.2d 145 (1963); and cases collected in Annot., 38 A.L.R.2d 1148, 1151–1153 (1954).

11. See Thomas v. Otis, 199 F.Supp. 1 (D. D.C.1961), aff'd *sub nom.* Nationwide Mut. Ins. Co. v. Thomas, 113 U.S.App.D. C. 160, 306 F.2d 767 (1962); Claverie v. American Casualty Co., 76 F.2d 570 (4th Cir.), cert. denied 296 U.S. 590, 56 S.Ct. 102, 80 L.Ed. 417 (1935).

sistance appellant furnished was to a third-party action cannot serve to alter the result.[12]

We are not confronted with any question concerning disclaimer or reservation of rights, for appellant concedes that it did neither.[13] Nor are we dealing with a situation in which the person whose cause the insurer championed was a complete stranger to the policy.[14] Appellant's argument that Scott was not an insured disregards what the policy very plainly says to the contrary. We reiterate that the omnibus clause broadens the definition of "insured" beyond those named as such to embrace any person using the vehicle with the permission of a named insured,[15] and this clearly subsumes an employee fitting that description.[16]

Prior to the third-party contest Scott, as an additional insured, was thus entitled to such protection with such limitations as the policy provided,[17] and in this respect he stood in a position similar to that of the named insured. So viewing the omnibus clause, we find that we, like other courts,[18] are unable to perceive any reason why the insurer should be barred from urging policy defenses and exclusions against a named insured but not with respect to an additional insured. We accordingly hold that since appellant, at the time it undertook Scott's defense in the third-party action, "did not then question its liability relating to employees

of the insured * * * by continuing the defense to final judgment with knowledge of whatever the facts were in that respect, it became estopped to raise that issue now." [19]

Affirmed.

---

12. See William M. Moore Construction Co. v. United States Fidelity & Guaranty Co., 293 N.Y. 119, 56 N.E.2d 74, 153 A.L.R. 952 (1944).

13. See Thomas v. Otis, supra note 11. See also Atlantic Lighterage Corp. v. Continental Ins. Co., 75 F.2d 288 (2d Cir. 1935); Western Casualty & Surety Co. v. Beverforden, 93 F.2d 166 (8th Cir. 1937).

14. Cf. Bourne v. Seal, 53 Ill.App.2d 155, 203 N.E.2d 12 (1964).

15. See, e.g., Yorkshire Indemnity Co. of New York v. Collier, 172 F.2d 116 (6th Cir. 1949); Arnold v. State Farm Mutual Automobile Ins. Co., 260 F.2d 161 (7th Cir. 1958).

16. See, e.g., Maryland Casualty Co. v. Ronan, 37 F.2d 449, 72 A.L.R. 1360 (2d

Cir. 1930); Maryland Casualty Co. v. Williams, 184 F.2d 983 (5th Cir. 1950); and cases collected in Annot., 5 A.L.R.2d 600 (1949).

17. See, e.g., Collins v. New York Casualty Co., 140 W.Va. 1, 82 S.E.2d 288 (1954).

18. See, e.g., Jones v. Zurich General Accident & Liability Ins. Co., 121 F.2d 761 (2d Cir. 1941); Henderson v. Selective Ins. Co., 242 F.Supp. 48, 51 (W.D.Ky. 1965), aff'd 369 F.2d 143 (6th Cir. 1966); Rieger v. London Guaranty & Accident Co., 202 Mo.App. 184, 215 S. W. 920 (1919); Mancini v. Thomas, 113 Vt. 322, 34 A.2d 105 (1943).

19. Jones v. Zurich General Accident & Liability Ins. Co., supra note 18, 121 F. 2d at 764.