**Amasie E. COLEMAN, Appellant,**

v.

**AETNA INSURANCE CO., Garnishee, Appellee.**

**No. 7135.**

District of Columbia Court of Appeals.

Argued June 12, 1973.

Decided Sept. 19, 1973.

---

\* Rev'd on other grounds, sub nom. District of Columbia v. Carter, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed. 613 (1973).

Leonard Z. Bulman, Washington, D. C., for appellant.

Hugh E. Donovan, Rockville, Md., for appellee.

Before KELLY and FICKLING, Associate Judges, and QUINN, Associate Judge, Retired.

KELLY, Associate Judge:

After the trial court awarded appellant Amasie E. Coleman an ex parte $18,000 judgment against Felix Randolph Aiken and Aiken Transport, Inc., defendants to the complaint, a writ of attachment was filed against credits of the defendants in the hands of appellee Aetna Insurance Co. (Aetna-garnishee), their insurer. Upon a traverse to Aetna's response to the attachment, and after further discovery, there was a trial by the court which resulted in a judgment in Aetna's favor. We affirm.

From the record it appears that appellant had, in October 1970, sued Aiken and his corporation in the United States District Court for the District of Columbia seeking damages for injuries sustained the preceding March when she was allegedly struck by one of defendants' buses. The suit papers were forwarded to Aetna, insurer of the individual and corporate defendants, by their personal attorney. Answers to the complaint were subsequently filed on their behalf in which liability was denied, the defense being that the defendants had no knowledge of any such accident. After considerable discovery by way of interrogatories in the District Court, the suit was transferred to the Superior Court of the District of Columbia pursuant to D.C.Code 1972 Supp., § 11–922(a). Shortly before the scheduled trial date in Superior Court counsel for defendants, after mailing notice to them, moved for permission to withdraw on the ground that their clients had failed to cooperate in the defense of the case.[1] The motion to withdraw was granted, over objection, and notice of this action was mailed to the defendants with the advice that the trial had been continued to allow them an opportunity to obtain other counsel if they so chose. Appellant was subsequently awarded an ex parte judgment against the defaulting defendants in the sum of $18,000.

In comprehensive written findings of fact and conclusions of law the trial court found that an accident had occurred in which appellant, a school crossing guard, was injured; that appellant alleged she was struck by a bus owned by Aiken Transport, Inc.; that Felix Randolph Aiken and Aiken Transport, Inc. were insured by the garnishee, Aetna Insurance Co.; that Aetna received copies of the suit papers and retained counsel for defendants, who signed a non-waiver agreement at the time. The court further found that the incident was investigated by an employee of General Adjustment Bureau on Aetna's behalf; that statements were obtained from an alleged witness and an Aiken bus driver, and that appellant's deposition was taken, interrogatories answered, and appellant physically examined. The court then recited the steps leading up to the default judg-

---

1. The individual defendant, president of the corporate defendant, had moved to Haiti.

ment, noting that the certified letters to Aiken advising of the withdrawal of coverage were returned by the post office.[2]

The court's findings made specific reference to the testimony of counsel retained by Aetna who had personally handled the defense until permitted to withdraw, together with that of its hired investigator, relative to correspondence with Aiken and to the various attempts to locate Aiken after he went to Haiti and to secure his appearance at a deposition and at trial. The court then found that Aiken's presence was essential to the defense of the suit, that defense being that the bus which allegedly struck appellant was not and could not have been an Aiken Transport, Inc. bus since the bus identified by appellant as the striking vehicle was in Florida at the time; that the defense would require the testimony of Aiken to identify and explain the company records; and that no one else had personal knowledge of the number of buses owned by the corporation or their whereabouts on the date of the alleged incident, particularly of that bus identified by the appellant by license number.[3]

Aetna's insurance policy, received in evidence, required (1) that notice of loss be given the company as soon as practicable and (2) that the insured cooperate with the company in its defense, specifically in attending all hearings and trials. Considering the entire record and the testimony received, the court ultimately concluded that the defendants had violated both conditions of the policy, neither of which was waived by Aetna's failure to defend at trial. Both rulings are challenged on appeal, but we do not discuss the validity of the notice of loss [4] since in our judgment there was substantial evidence introduced at trial to support the court's conclusion that Aetna's insured breached the cooperation clause of the policy.

 Specifically, as noted above, the court found that Aiken's testimony was vital to the defense, that Aetna had used reasonable diligence to locate Aiken and secure his presence at deposition and at trial, and that Aiken's absence was voluntary. No more is required for the insurer to deny coverage under the policy. Thomas v. Otis, 199 F.Supp. 1 (D.D.C.1961), aff'd Nationwide Mutual Ins. Co. v. Thomas, 113 U.S.App.D.C. 160, 306 F.2d 767 (1962). It was the judgment of the trial court that the absence of testimony purporting to establish that the very bus which allegedly struck appellant, identified by license number, was in fact out of the city at the time would substantially prejudice Aetna's attempt to defend against liability. It recognized the diligent efforts appellee made to secure the attendance of the only witness who could give definitive evidence of this defense.[5] Appellant insists that since Aiken was not the driver of the bus which she claims struck her, and since other evidence was readily available to the insurer to support its purported defense, Aiken could not conceivably have been a vital defense witness. Despite appellant's protestations to the contrary, however, this crucial question was one of fact for the trial court. And where the evidence of record supports the findings and conclusions of the court, as it does here,

2. Correspondence prior to March 31, 1972, had been received by Aiken and answered.

3. Appellant testified that the tag number was supplied to her by an alleged eyewitness roughly six months after the accident when he happened by the intersection where she was working. Appellant herself could not identify the bus. The witness' statement to Aetna's investigator, plaintiff's exhibit No. 4, recites that he could not remember the license number of the bus.

4. The record indicates that the defendants had no knowledge of the occurrence of any accident until shortly before the suit papers were served, which papers were promptly forwarded to Aetna.

5. An Aiken driver testified that on or about March 20, 1970, the date of the accident, he was driving an Aiken bus in Florida pursuant to a contract with Howard University, but he was unable to remember the tag number of the bus.

we are not at liberty to assert a contrary judgment. D.C.Code 1972 Supp., § 17–305(a). *See* Freas v. Gitomer, D.C.App., 256 A.2d 573 (1969).[6]

Affirmed.

---

6. Appellant's argument that the garnishee-insurer waived the breach of the cooperation clause of the contract or is otherwise estopped to use the defense is without merit.